IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOWELL QUINCY GREEN,           )<br>   ID # 518622,                              )<br>      Plaintiff,                             )<br>vs.                                              )<br>                                                   )<br>CARL E. STEWART, et al.,          )<br>      Defendants.                         ) | No. 3:19-CV-1070-B (BH)<br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

### I. BACKGROUND

On December 27, 2018, Lowell Quincy Green (Plaintiff), an inmate in the Texas Department of Criminal Justice, filed a complaint under 42 U.S.C. § 1983 against various defendants, including unnamed police officers who arrested him in 1986, and the prosecutor who filed charges against him based on the arrest. (*See Green v. Dallas County, et. al*, No. 3:18-CV-3403-B (N.D. Tex., doc. 2 at 3-4.)[1] He also sued Parkland Memorial Hospital for committing medical malpractice while treating him for a stabbing during the incident that led to his arrest by leaving items in his stomach, and the University of Texas Medical Branch (UTMB), which treated him in 1997 for the items left in his stomach by Parkland Memorial Hospital. (*Id.*)

On December 28, 2018, it was recommended that the case be summarily dismissed as barred

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

by the "three-strikes" rule of 28 U.S.C. § 1915(g), unless Plaintiff timely paid the filing fee. (*See id.*, doc. 3.) The recommendation was accepted, and the case was dismissed without prejudice as three-strikes-barred on January 18, 2019. (*See id.*, docs. 4, 5.) Plaintiff subsequently challenged the judgment, his filing was construed as a motion under Fed. R. Civ. P. 60(b), and it was denied. (*See id.*, docs. 7, 8, 11.)

On April 30, 2019, Plaintiff filed a notice stating that he was filing suit against the Fifth Circuit and the Clerk of that Court for violations of his constitutional rights, and he named the United States, four judges, and the clerk and a deputy clerk of the Fifth Circuit as defendants. (*See id.*, doc. 18 at 1-2.) Plaintiff's filing was construed as a new civil rights complaint raising new claims against new defendants, and it was opened as this new case. (*See id.*, doc. 19.)

## II.  THREE STRIKES

As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A of the Prison Litigation Reform Act (PLRA). *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Green v. Texas Parole Board,* No.

3:18-CV-2556-K-BK (N.D. Tex. Sept. 27, 2018) (listing seven prior non-habeas civil actions and appeals filed while he was an inmate), *recommendation adopted* (N.D. Tex. Oct. 15, 2018). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff has made no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III.  RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g) unless he pays the full filing fee[2] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SO RECOMMENDED this 6th day of May, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE